ELSIE B. ROGERS and MARION A. SOMERS, Plaintiffs, v. STELLA M. SHAUGHNESS, Defendant.— Judgment for plaintiffs on agreed statement of facts, pursuant to stipulation. without costs, upon the ground that Elizabeth Foley was presumed to have died without heirs before the death of Edward Foley in November, 1912; that Edward Foley is presumed to have died without heirs in November, 1912, after the death of Elizabeth Foley; that Catherine Foley acquired a good and marketable title by reason of the failure of heirs of Elizabeth Foley and Edward Foley and by reason of the release of escheat under chapter 733 of the Laws of 1926; and as successors to the rights of Catherine Foley, the plaintiffs Elsie B. Rogers and Marion A. Somers, as sellers herein, can give to defendant a good and marketable title to the real property described in the contract of sale. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

PEARL SCHREIBER, an Infant, by SAMUEL SCHREIBER, Her Guardian ad Litem, Respondent, v. JOSEPH LEVY and Others, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Young, Rich, Kapper, Hagarty and Seeger, JJ.

JOSEPH SHEFFER and SIDNEY EDELSTEIN, Appellants, v. MAURICE GOLDSTEIN and SAMUEL E. YANOVER, Respondents.— Upon reargument, judgment reversed upon the law, with costs to appellants, and judgment directed in favor of plaintiffs for the sum of $500, the amount of the deposit paid, with interest from June 23, 1925, with costs. Upon the evidence, plaintiffs were clearly entitled to judgment for the amount of their deposit. Findings of fact and conclusions of law contrary to this decision are reversed and new findings will be made in accordance herewith. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur. Settle order on notice.